Dana J. Finberg (SB# 257459)
dfinberg@ohaganmeyer.com
Kristal Sinaj (SB# 351747)
ksinaj@ohaganmeyer.com
**O'HAGAN MEYER**
One Embarcadero Center
Suite 2100
San Francisco, CA 94111
Telephone: (415) 578-6900

Charles J. Meyer (pro hac vice application forthcoming)
cjmeyer@uspatent.com
**WOODARD, EMHARDT, HENRY,
REEVES & WAGNER, LLP,**
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137
Telephone: (317) 634-3456

*Attorneys for Plaintiff CLAIMABLE LIMITED*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
(SACRAMENTO DIVISION)

| | |
|---|---|
| Claimable Limited<br><br>               Plaintiff,<br><br>    vs.<br><br>Claimable Inc.<br><br>               Defendant. | Case No. _____<br><br>PLAINTIFF'S COMPLAINT FOR:<br>  1. TRADEMARK INFRINGEMENT (FEDERAL AND COMMON LAW)<br>  2. UNFAIR COMPETITION (FEDERAL AND STATE LAW)<br>  3. TRADEMARK INFRINGEMENT (CALIFORNIA COMMON LAW)<br>  4. VIOLATION OF CALIFORNIA BUSINSS & PROFESSIONS CODE § 17200 et seq.<br>  5. CANCELLATION OF TRADEMARK REGISTRATION (15 U.S.C. § 1119)<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

Plaintiff Claimable Limited, its undersigned attorneys, as and for its Complaint against Defendant Claimable Inc. alleges as follows:

## PARTIES

1.    Claimable Limited is a corporation organized and existing under the laws of the United Kingdom, and is a private limited company with a principal place of business at Unit 405, Monier Works, 7 Casings Way, London United Kingdom, E3 2TH.

2.    On information and belief, Defendant Claimable Inc. is a Delaware corporation and has a principal address at 2108 N. St. #10377, Sacramento, CA 95816.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to the Trademark Act; pursuant to 15 U.S.C. §§ 1114, 1121, and 1125 (the "Lanham Act"); pursuant to 28 U.S.C. §§ 1331 and 1338; and through the Court's supplemental jurisdiction under 28 U.S.C § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

4.    On information and belief, this Court has general personal jurisdiction over Claimable Inc. because Claimable Inc.'s principal place of business is in California, Claimable Inc. conducts substantial business in this forum, and because this action arises, in whole or in part, from such business.

5.    Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c).

## BACKGROUND AND CLAIMABLE INC.'S ILLEGAL ACTIVITY

6.    Claimable Limited offers claims management software services for businesses to manage among other things, insurance claims.

PLAINTIFF'S COMPLAINT

7.    In offering its services, Claimable Limited uses its CLAIMABLE™ trademark.

8.    Claimable Limited has expended substantial sums of money as well as considerable time and effort in promoting and popularizing its CLAIMABLE™ mark, and continues to do so.

9.    Claimable Limited's CLAIMABLE™ trademark has become well-known to the purchasing public.

10.    Claimable Limited has been using the CLAIMABLE™ mark extensively in the U.S. since at least 2013.

11.    While headquartered in London, more than 30% of Claimable Limited's business is U.S. based.

12.    Claimable Limited has promoted its CLAIMABLE™ services extensively to US customers and potential customers.

13.    Claimable Limited has provided its CLAIMABLE™ services to multiple US customers.

14.    Claimable Limited owns the domain name and operates a website using the URL https://claimable.com/

15.    Claimable Limited owns common law trademark rights in CLAIMABLE™ throughout the U.S. in relation to claims management software services.

16.    Claimable Limited is the owner of U.S. Application No. 99068118 for the mark CLAIMABLE™.

17.    On or around October 3, 2024, Claimable Inc. began offering services assisting and helping customers manage insurance, insurance claims, and insurance appeals under the CLAIMABLE trademark.

18.    On or around October 3, 2024, Claimable Inc. began using Claimable Inc. as the name of its company.

PLAINTIFF'S COMPLAINT

19.    On or around October 3, 2024, Claimable Inc. launched a website at getclaimable.com.

20.    Claimable Inc., without authorization of Claimable Limited, is and has been using the CLAIMABLE trademark to promote and provide Claimable Inc.'s services.

21.    Claimable Limited has not authorized Claimable Inc. to sell, offer for sale, list, or use any of the Claimable Limited's Trademarks in the Infringing Listings.

22.    Claimable Inc. knew about Claimable Limited and its services before Claimable Inc. began offering services assisting and helping customers manage insurance, insurance claims, and insurance appeals under the CLAIMABLE trademark.

23.    Claimable Inc. knew about Claimable Limited's ownership and operation of the website using https://claimable.com/ before Claimable Inc. began offering services assisting and helping customers manage insurance, insurance claims and insurance appeals under the CLAIMABLE trademark.

24.    On April 24, 2024, Claimable Inc. filed U.S. Federal Trademark Application No. 98516533 on the mark CLAIMABLE.

25.    Claimable Inc.'s U.S. Federal Trademark Application No. 98516533, as amended, identifies its services as:

Class 35: Providing statistical evaluation of insurance claims performance measures for others; Management of insurance appeals for others

Class 36: Assessing insurance claims; Insurance administration services, namely, assisting others with adjusting insurance claims; Assisting others with adjusting insurance claims; Insurance claims administration; Providing information regarding insurance policies for all types of insurance and insurance claims via a website; Providing a website featuring educational information in the field of insurance

PLAINTIFF'S COMPLAINT

Class 41: Educational services, namely, providing classes, seminars and workshops on insurance claims, appeals, policies, and other statistical information in the field of insurance

Class 42: Providing online non-downloadable computer software for managing insurance and insurance claims

26.    Claimable Inc.'s infringement of the CLAIMABLE™ trademark has caused multiple instances of actual confusion, including but not limited to:

- Multiple chat instances where people have contacted Claimable Limited to inquire about Claimable Inc.'s services.

- Multiple website visitors have requested demonstration calls of Claimable Limited's services and then been confused when Claimable Limited did not offer services assisting with medical claims.

- At least two individuals who contacted Claimable Limited stated they saw Claimable Limited's CEO present at a conference in Texas about arthritis, yet that was Claimable Inc.'s CEO Warris Bokhari.

- Multiple visitors to Claimable Limited's website have requested free trials of the software, but then asked how appropriate Claimable Limited's software is to their needs for assisting with medical claims.

- Claimable Limited has received at least three job applications intended for Claimable Inc., at least two of which were addressed to Warris Bokhari by name.

## COUNT I

## FEDERAL AND COMMON LAW INFRINGEMENT OF CLAIMABLE LIMITED'S TRADEMARK

27.    Claimable Limited repeats, re-alleges and incorporates herein the allegations in the preceding paragraphs as if fully set forth herein.

PLAINTIFF'S COMPLAINT

28.     Defendant's copying, and use of the CLAIMABLE trademark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Claimable Inc.'s services are provided by Claimable Limited, or are associated or connected with Claimable Limited, or have an affiliation, sponsorship, endorsement, or approval of Claimable Limited.

29.     Claimable Inc.'s activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion, actual confusion, and deception of members of the trade and public, and, additionally, injury to Claimable Limited's goodwill and reputation as symbolized by Claimable Limited's CLAIMABLE™ trademark.

30.     Defendant's unauthorized use of the CLAIMABLE trademark has damaged and is likely to continue to damage Claimable Limited's reputation.

31.     Claimable Limited is entitled to Defendant's profits and is entitled to recover damages and costs relating to the sale of the infringing services.

32.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Claimable Limited's CLAIMABLE™ trademark to Claimable Limited's irreparable harm.

33.     Defendant's action demonstrate an exceptional case.

34.     Claimable Limited  is entitled to preliminary and permanent injunctive relief.

35.     Claimable Limited's remedy at law is inadequate.

## COUNT II

## UNFAIR COMPETITION

36.     Claimable Limited repeats, re-alleges and incorporates herein the allegations in the preceding paragraphs as if fully set forth herein.

PLAINTIFF'S COMPLAINT

37.    Claimable Limited owns all right, title, and interest in its CLAIMABLE™ trademark. Defendant is not authorized to use the CLAIMABLE trademark, any variation thereof, or any mark confusingly similar.

38.    Defendant's unauthorized use of Claimable Limited's trademark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant is providing Claimable Limited's services, or are associated with or connected to Claimable Limited, or have the sponsorship, endorsement, or approval of Claimable Limited .

39.    Defendant's unauthorized use of Claimable Limited's trademark has damaged and is likely to continue to damage Claimable Limited's reputation.

40.    Defendant's wrongful conduct was willful and deliberate.

41.    Defendant's actions demonstrate an exceptional case.

42.    Defendant has caused and are likely to continue to cause substantial injury to Claimable Limited  and the public.

43.    Claimable Limited  is entitled to injunctive relief.

44.    Claimable Limited is entitled to recover Defendant's profits from the sale of the infringing services, actual damages from the infringing services, corrective advertising damages, costs, and reasonable attorney's fees.

45.    Claimable Limited's remedy at law is inadequate.

## COUNT III

## TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

46.    Claimable Limited repeats, re-alleges and incorporates herein the allegations in the preceding paragraphs as if fully set forth herein.

47.    The general public across the United States, including California, recognizes Claimable Limited's CLAIMABLE™ trademark as the source of its services.

PLAINTIFF'S COMPLAINT

48. Claimable Limited has common law trademark rights in Claimable Limited's CLAIMABLE™ trademark in California.

49. On information and belief, Defendant's infringing conduct is and has been occurring in California.

50. Defendant's unauthorized misappropriation of Claimable Limited's CLAIMABLE™ trademark infringes Claimable Limited's rights and, as alleged herein, is likely to cause confusion, mistake or deception as to the source, sponsorship, or approval of Defendant's services by Claimable Limited .

51. The consuming public and the trade are likely to believe that Defendant's services are licensed, sponsored, or approved by Claimable Limited , or are in some way connected with or are related to Claimable Limited when they are not, in violation of California common law.

52. Defendant's unauthorized use of Claimable Limited's CLAIMABLE™ trademark is likely to damage Claimable Limited's reputation.

53. Upon information and belief, the infringing acts have been occurring and continue to occur in the State of California, including this District.

54. As set forth herein, this willful conduct has caused and will continue to cause, unless enjoined by this Court, serious and irreparable injury to Claimable Limited, for which Claimable Limited has no remedy at law.

55. Defendant's wrongful conduct was willful and deliberate or recklessly indifferent to the rights of Claimable Limited, warranting an award of punitive damages under California common law.

56. Claimable Limited is entitled to damages and Defendant's profits.

57. Claimable Limited is entitled to its costs and reasonable attorney's fees in bringing this action.

PLAINTIFF'S COMPLAINT

## COUNT IV

## UNFAIR COMPETITION UNDER CALIFORNIA STATE LAW CAL. BUS. PROF. CODE §§ 17200 *Et. Seq.*

58.    Claimable Limited repeats, re-alleges and incorporates herein the allegations in the preceding paragraphs as if fully set forth herein.

59.    Defendant has misappropriated valuable rights of Claimable Limited.

60.    Defendant is trading on the goodwill symbolized in Claimable Limited's Trademarks. Defendant's infringing acts are likely to cause confusion or mistake, or to deceive members of the consuming public and the trade.

61.    On information and belief, Defendant's infringing conduct is occurring in the State of California.

62.    Defendant is knowingly using Claimable Limited's CLAIMABLE™ trademark improperly.

63.    Defendant's acts constitute unfair competition in violation of § 17200 Et. Seq. of the California Business and Professions Code.

64.    Consumers across the United States, including California, have been harmed, and will continue to be harmed as a direct, foreseeable, and proximate result of Defendant's actions, and are threatened with continued harm, which includes further consumer confusion.

## COUNT V

## CANCELLATION OF REGISTRATION UNDER 15 USC §1119

65.    Claimable Limited repeats, re-alleges and incorporates herein by reference the allegations in the preceding paragraphs as if fully set forth herein.

66.    In the event that Claimable Inc. filed U.S. Federal Trademark Application No. 98516533 proceeds to registration, the Court should order the cancellation of the ensuing registration pursuant to 15 USC §1119.

PLAINTIFF'S COMPLAINT

## PRAYER FOR RELIEF

**WHEREFORE**, Claimable Limited  respectfully prays that the Court:

a.    An entry of judgment in Claimable Limited's favor against Claimable Inc. on all Counts in this Complaint;

b.    A declaration that Defendant's trademark infringement and unfair competition have been willful;

c.    An order permanently enjoining, Defendant, and its respective officers, agents, servants, employees, and attorneys, and all of those persons in active concert with participation with Defendant from using the CLAIMABLE™ trademark;

d.    In the event that Application No. 98516533 proceeds to registration, an order directing the United States Patent And Trademark Office to cancel such registration;

e.    Awarding damages pursuant to 15 U.S.C. §§ 1114, 1117, and 1125 pertaining to Defendant's profits and damages sustained by Claimable Limited;

f.    Awarding damages pursuant to California's common law trademark infringement and Unfair Competition;

g.    Declaring this an exceptional case in favor of Claimable Limited  and awarding Claimable Limited its reasonable  attorneys' fees and costs as provided by law;

h.    Awarding Claimable Limited  pre-judgement and post-judgment interest on the damages caused by Defendant's activities; and

i.    Awarding Claimable Limited  such other relief as the Court deems just and proper.

## JURY DEMAND

Claimable Limited demands trial by jury under Rule 38 of the Federal Rules of Civil Procedure.

PLAINTIFF'S COMPLAINT

Respectfully submitted,

Dated: July 22, 2025

*s/Dana J. Finberg*

Dana J. Finberg
Kristal Sinaj
O'HAGAN MEYER
One Embarcadero Center
Suite 2100
San Francisco, CA 94111
Telephone: (415) 578-6900
dfinberg@ohaganmeyer.com
ksinaj@ohaganmeyer.com

Charles J. Meyer (pro hac vice forthcoming)
WOODARD, EMHARDT, HENRY,
REEVES & WAGNER, LLP,
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137
Telephone: (317) 634-3456 –
cjmeyer@uspatent.com

***Attorneys for Plaintiff CLAIMABLE LIMITED***

PLAINTIFF'S COMPLAINT