ETHAN JACOBS (CSB No. 291838)
ETHAN JACOBS LAW CORPORATION
ethan@ejacobslaw.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:    415.275.0845

ERIC BALL (CSB No. 241327)
eball@fenwick.com
JOAN LIU-KIM (CSB No. 342130)
joanieliu-kim@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

Attorneys for Defendant
CLAIMABLE INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CLAIMABLE LIMITED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLAIMABLE INC.,<br><br>　　　　　Defendant. | Case No.: 2:25-cv-02048-WBS-SCR<br><br>**REPLY IN FURTHER SUPPORT OF DEFENDANT CLAIMABLE INC.'S MOTION TO DISMISS**<br><br>Judge: Hon. William B. Shubb<br><br>Complaint Filed: July 22, 2025<br><br>Date: October 27, 2025, 1:30 p.m.<br>Courtroom: 5, 14th Floor |

Defendant Claimable Inc.'s motion asks the Court to dismiss Plaintiff Claimable Limited's claim for unfair competition under California Business and Professions Code, Sections 17200 *et seq.* ("UCL") because the Complaint fails to allege that Plaintiff lost money or property as a result of the unfair competition as required to establish statutory standing. In response, Plaintiff argues that (1) damage to intellectual property can satisfy the UCL's requirement to plead economic injury, and (2) so can diversion of company resources. But

1  Plaintiff has not adequately pleaded any damage to its trademark or that it had to divert
2  company resources to addressing consumer confusion.

3  Plaintiff is correct that diminution of a trademark's value can constitute economic injury
4  for purposes of UCL statutory standing. Dkt. 16 at 3–4 (citing *Motul S.A. v. USA Wholesale*
5  *Lubricant, Inc.*, 686 F.Supp.3d 900, 917 (N.D. Cal. 2023)). Claimable Inc.'s motion to dismiss
6  never said otherwise. Rather, it explained that "[m]ere conclusory allegations of injury do not
7  meet the UCL's standing requirement" and that "a plaintiff must allege particularized facts to
8  support an assertion of injury." Dkt. 13 at 2 (citation omitted). Thus, "alleg[ing] the devaluation
9  of [Plaintiff's] brand and [Plaintiff's] trademarks" on its own is not sufficient. Dkt. 16 at 3.
10 Plaintiff argues that six paragraphs in the Complaint qualify as particularized facts. Dkt. 13 at 2
11 (referencing Compl. ¶¶ 29, 30, 38, 39, 52, and 60). But they are conclusory statements included
12 in Plaintiff's recitation of elements for its claims, not statements about what in particular
13 Claimable Inc. did or how in particular it injured Plaintiff. That is, a complaint does not
14 sufficiently plead economic injury merely by stating—as Plaintiff's Complaint does—that
15 "Claimable Inc.'s activities are causing … injury to Claimable Limited's goodwill and
16 reputation as symbolized by Claimable Limited's CLAIMABLE™ trademark," Compl. ¶ 29, or
17 that "[Claimable Inc.]'s unauthorized use of the CLAIMABLE trademark has damaged and is
18 likely to continue to damage Claimable Limited's reputation." *Id.* ¶ 30.  *See Vargas v.*
19 *Facebook, Inc.*, No. 19-cv-05081-WHO, 2021 WL 214206, at *5-6 (N.D. Cal. Jan. 21, 2021)
20 (granting motion to dismiss UCL claim where there were "no plausible facts" alleging any
21 "non-conjectural injury or economic loss").

22 The *Motul* decision Plaintiff cites provides a useful contrast. In that case, the plaintiff
23 Motul alleged that the defendants sold counterfeit motor oil in drums marked with Motul's
24 trademark. 686 F.Supp.3d at 907. In finding the complaint adequately alleged economic harm,
25 the court did not rely on Motul's allegation that "Defendants['] use of the Motul trademark is
26 likely to cause 'injury to Motul's goodwill and reputation'" alone, but also on Motul's
27 allegations that "it received complaints about Motul products sold and delivered by the
28 Defendants, which indicate a diminution in Motul's trademark value." *Id.* at 917. Here, Plaintiff

only includes the conclusory allegation with none of the supporting facts.

As the *Rise Basketball* decision that Plaintiff cites explains, customer goodwill is "the probability that the old customers will resort to the old place" and "the probability that the business will continue in the future as in the past." *Rise Basketball Skill Dev., LLC v. K Mart Corp.*, No. 16-CV-04895-WHO, 2017 WL 2775030, at *5 (N.D. Cal. June 27, 2017) (quoting *Bell v. Ellis*, 33 Cal. 620, 624 (1867)). But the facts alleged in the Complaint do not plead that Plaintiff's customers are defecting to Claimable Inc., that Claimable Inc.'s services are of low quality and are harming Plaintiff's reputation by association, that Claimable Inc.'s conduct is preventing Plaintiff's business from continuing in the same way in the future, and so on. Indeed, because Plaintiff does not offer services assisting with medical claims, Claimable Inc. cannot confuse Plaintiff's customers by offering those services. Compl. ¶ 26. Because Plaintiff's allegations of economic harm are mere generalities, the Complaint fails to plead economic harm for purposes of UCL standing.

Plaintiff also argues that diversion of company resources to address the challenged conduct constitutes economic harm for purposes of UCL standing. Dkt. 16 at 5–6. That is correct, but the Complaint does not allege diversion of company resources. Instead, Plaintiff's opposition says—without citing any paragraph of the Complaint—that the "instances of actual confusion [alleged in Paragraph 26 of the Complaint] have taken considerable time and manpower to address, diverting employees and resources from [Plaintiff]'s normal business activities." Dkt 16 at 5. But a motion to dismiss addresses the four corners of a complaint, not newly raised allegations or evidence. *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *Lewis v. SF Bay Area Rapid Transit Dist.,* No. 25-CV-00869-RS, 2025 WL 1785765, at *3 (N.D. Cal. June 27, 2025). If in fact Plaintiff had to divert company resources away from normal business activities, it must plead that allegation in its Complaint to try to allege statutory standing. An assertion in its brief is insufficient.

Claimable Inc. respectfully submits that because the Complaint fails to plead statutory

standing under California Business and Professions Code, Sections 17200 *et seq.*, that claim should be dismissed along with Count V for cancellation of Plaintiff's trademark registration.[1]

Dated:   October 14, 2025                    Respectfully submitted,

ETHAN JACOBS LAW CORPORATION

By:   */s/ Ethan Jacobs*
         Ethan Jacobs

Attorneys for Defendant
CLAIMABLE INC.

---

[1] The motion to dismiss explained that Plaintiff committed to dismissing Count V and has failed to do so. Dkt. 13 at 1, n.1. Plaintiff's opposition does not address its promise to dismiss that claim. Dkt. 16.