UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CLAIMABLE LIMITED,<br><br>        Plaintiff,<br><br>    v.<br><br>CLAIMABLE INC.,<br><br>        Defendant. | No. 2:25-cv-2048 WBS SCR<br><br>MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION TO DISMISS AND MOTION FOR PLAINTIFF TO POST COST BOND |

----oo0oo----

Plaintiff Claimable Limited brought this action against defendant Claimable Inc., claiming trademark infringement and unfair competition under both federal and California law. (Docket No. 1.)  Defendant now moves to dismiss Count IV of the complaint, which asserts a claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et. seq. (Docket No. 13.)  Defendant also moves for an order requiring plaintiff to post a cost bond.  (Docket No. 14.)  Plaintiff opposes both motions.  (Docket Nos. 16-17.)

1

I.   Factual and Procedural Background

Plaintiff Claimable Limited was founded in 2009 and provides a software platform allowing its customers to manage insurance claims.  (Declaration of Miles Tinsley ("Tinsley Decl.") (Docket No. 17-1) ¶ 5.)  The company is based in London, but its commercial reach is international and includes the United States.  (Id.)

Defendant Claimable Inc. began operating in 2024 (Complaint (Docket No. 1) ¶ 17) and "offers services assisting with medical claims," including processing insurance appeals. (Docket No. 18 at 3.)  Defendant filed its registration for the mark "Claimable" on April 24, 2024.  U.S. Trademark Application Serial No. 98516533 (filed Apr. 24, 2024).  Although defense counsel stated at oral argument that plaintiff has no registration for this trademark, it appears that plaintiff filed its registration for the mark "Claimable" on March 5, 2025.  U.S. Trademark Application Serial No. 99068118 (filed Mar. 5, 2025).

Plaintiff asserts it has been using the Claimable mark in the United States since 2013 and that defendant, knowingly and without authorization, began using the mark to promote and provide its own services on or around October 2024.  (Compl. ¶¶ 17-23.)

II.  Discussion

Defendant's motion to dismiss does not directly address the merits of plaintiff's allegations; at this early stage, their motion seeks to dismiss plaintiff's claim under the UCL for lack of statutory standing.  (See Docket No. 18 at 1.)  Defendant's motion for plaintiff to post a cost bond, on the other hand, does

2

1  relate to the merits of the action: defendant alleges a security
2  is proper because there is a "reasonable probability" defendant
3  will prevail against the nonresident plaintiff, who is
4  headquartered in the United Kingdom.  (Docket No. 14 at 5.)

     A.   Defendant's Motion to Dismiss

6           A party has statutory standing under the UCL if it can
7  "(1) establish a loss or deprivation of money or property
8  sufficient to qualify as injury in fact, i.e., economic
9  injury, and (2) show that that economic injury was the result of,
10 i.e., caused by, the unfair business practice or false
11 advertising that is the gravamen of the claim." Kwikset Corp. v.
12 Superior Court, 51 Cal. 4th 310, 322 (2011).  To plead a UCL
13 claim, a party must therefore specify some "quantum of lost money
14 or property," and cannot rely solely on speculative harm.  Fitbug
15 Limited v. Fitbit, Inc., 78 F. Supp. 3d 1180, 1197 (N.D. Cal.
16 2015).  The definition of economic harm is expansive, but the
17 complaint must nonetheless state in concrete terms "some
18 specific, identifiable trifle of injury."  Kwikset, 51. Cal 4th,
19 at 324-25 (internal quotation marks and citations omitted).

20          Defendant argues plaintiff fails the UCL's pleading
21 requirements because the complaint contains only "conclusory
22 statements" that recite the elements of a UCL claim rather than
23 "statements about what in particular Claimable Inc. did or how in
24 particular it injured Plaintiff."  (Docket No. 18 at 2.)
25 Plaintiff responds in opposition that its complaint specifies
26 economic harm because it "alleges that defendant's wrongful
27 conduct is causing injury to Claimable Limited's goodwill."
28 (Docket No. 16 at 3 (citation modified).)

1          Plaintiff limits the factual allegations in its
2  complaint to a single paragraph, in which numerous instances of
3  consumer confusion are alleged.  (Compl. ¶ 26.)  The remainder of
4  the complaint recites the elements for each of plaintiff's claims
5  but incorporates neither particularized and concrete instances of
6  harm, nor allegations that such harm was caused by defendant.
7          The complaint thus falls short of the pleading
8  specificity required for statutory standing under the UCL.  The
9  instances of consumer confusion offered by plaintiff provide
10 cognizable bases for its claims in the abstract, but they relate
11 to the question of whether confusion exists at all, rather than
12 whether such confusion caused a specific economic injury
13 attributable to defendant's conduct.  See Mastel v. Miniclip SA,
14 549 F. Supp. 3d 1129, 1144 (E.D. Cal. 2021) (granting motion to
15 dismiss where a complaint "never mentions or describes the
16 economic value" of an alleged harm).
17         Plaintiff attempts to bridge the gap in its opposition
18 by discussing another economic harm: the diversion of company
19 resources used to investigate the instances of confusion listed
20 in its complaint.  (Docket No. 16 at 3.)  Plaintiff's complaint,
21 however, refers to no such activity.  (See Compl.)  Although
22 plaintiff may wish to supplement its pleading with its briefings,
23 "the court may not consider material beyond the pleadings other
24 than judicially noticeable documents, documents attached to the
25 complaint or to which the complaint refers extensively, or
26 documents that form the basis of the claims."  Dix v. Nova
27 Benefit Plans, LLC, 2015 WL 12859221, at *4 (C.D. Cal. Apr. 28,
28 2015).

Because plaintiff's complaint does not plead with specificity the economic harm caused by defendant's conduct as required for statutory standing under the UCL, defendant's motion to dismiss plaintiff's UCL claim will be granted.

B.   Defendant's Motion for Plaintiff to Post Cost Bond

Defendant requests an order requiring plaintiff to post a $450,000 bond for costs.  (Docket No. 14.)  Federal courts have inherent power to require plaintiffs to post security bonds.  See Simulnet E. Assocs. V. Ramada Hotel Operating Co., 37 F. 3d 573, 574 (9th Cir. 1994).  When determining whether to exercise this power, federal courts generally look to the forum state's practice.  Id.  Defendant moves for a bond pursuant to California Code of Civil Procedure § 1030, which permits a court to order a security bond if (1) the plaintiff resides out of state, and (2) there is a reasonable possibility that a defendant will prevail on the merits.  (See Docket No. at 2. (citing Cal. Civ. Proc. Code § 1030).)

Section 1030 is "a modest tool intended to be used sparingly when a nonresident is abusing the court system to harass a resident by filing a 'frivolous lawsuit.'"  Marcial v. Ramchandani, No. 2:24-cv-03620-SB-SK, 2024 WL 4589991 (C.D. Cal. Oct. 28, 2024); see also Metal Jeans Inc. v. Lululemon USA Inc., No 2:15-cv-00738, 2015 WL 3533199, at *2 (C.D. Cal. June 3, 2015) (denying a motion to post bond because "the thin factual record" did not suggest "that plaintiff's suit is frivolous or baseless"); Pittman ex rel. L.P. v. Avish Partnership, 525 Fed. App'x. 591, 593 (9th Cir. 2013) ("The district court thus did not abuse its discretion in requiring a security bond, because it was

5

1   not illogical, implausible, or without support in the record to
2   conclude . . . that Plaintiff's lawsuit was frivolous and without
3   merit."); Taerim Co., Ltd v. LGB, Inc., No. CV 20-0475 CBM, 2020
4   WL 8172711, at *1 (C.D. Cal. Dec. 22, 2020) (noting one purpose
5   of the statute is "preventing out-of-state residents from filing
6   frivolous lawsuits against California residents"); Circle Click
7   Media LLC v. Regus Management Group LLC, No. 3:12-cv-04000, 2015
8   WL 6638929 (N.D. Cal. Oct. 30, 2015) (same).

9          Counsel for defendant insisted at oral argument that,
10  per its reply, the moving party need only show a "reasonable
11  possibility" of prevailing on the merits, and that frivolousness
12  is not part of the bond inquiry.  Defendant relies on three
13  cases, none of which are binding on this court, to make this
14  point: JW Pharm. Corp. v. Michael Kahn & Prism Pharma Co., No.
15  CV1201006JGRRZX, 2013 WL 12125751 (C.D. Cal. Mar. 11, 2013),
16  Guangzhou Yuchen Trading Co. v. Dbest Prods., Inc., No.
17  CV214758JVSJDEZ, 2023 WL 2347086 (C.D. Cal. Feb. 17, 2023), and
18  Gabriel Techs. Corp. v. Qualcomm Inc., No. 08-cv-1992 MMA POR,
19  2010 WL 3718848 (S.D. Cal. Sept. 20, 2010).

20         JW Pharmaceutical does not abrogate frivolousness but
21  merely rejects the idea that a moving party must meet a
22  heightened standard of showing "there is no reasonable
23  possibility" the non-moving party will prevail;[1] and both Gabriel
24  Technologies and Guangzou Yucheng Trading stand for the
25  proposition that frivolousness is not a prerequisite to a cost
26  bond, but that "courts acknowledge frivolousness and

---

[1] JW Pharmaceutical, 2013 WL 12125751, at *10 n.5 (emphasis added).

6

vexatiousness as factors that bear on the court's analysis."[2]

If there is any shared principle in defendant's cases, it is that a cost bond is discretionary and determined case-by-case. See Brightwell v. McMillan Law Firm, No. 16-cv-1696 W, 2017 WL 6944415, at *2 (S.D. Cal. May 12, 2017) ("The imposition of a costs bond is within the [c]ourt's discretion.") (citing Kourtis v. Cameron, 358 Fed. App'x 863, 866 (9th Cir. 2009); see also Interlabservice, OOO v. Illumina, Inc., No. 15-cv-2171, 2016 WL 5817062 at *4 (S.D. Cal. Oct. 4, 2016) (clarifying that the Simulnet ruling was "based on the particular facts and circumstances of the case") (citing Simulnet, 37 F. 3d at 576).

Here it appears that both plaintiff and defendant share the same name and offer similar services. Defendant bases its motion on the argument that plaintiff has not achieved sufficient market penetration in the United States to acquire common law trademark rights, that plaintiff's use of its mark is unlikely to confuse the consuming public, and that consequently there is a reasonable probability that defendant will prevail on the merits. This argument, however, is based essentially upon facts which are disputed and have yet to be developed in the record. There is nothing in the record strongly indicating a reasonable probability of success for defendant, nor is there anything in the background and purpose of plaintiff's suit to suggest the case is brought for frivolous or abusive reasons. Accordingly, a bond for costs is inappropriate. See Simulnet, 37 F. 3d at 576.

---

[2] Gabriel Technologies, 2010 WL 3718848, at *5 n.5 (citation modified); Guangzhou Yucheng Trading, 2023 WL 2347086, at *2.

7

            IT IS THEREFORE ORDERED that defendant's motion to dismiss (Docket No. 13) be, and the same hereby is, GRANTED. Count IV is hereby dismissed without prejudice. Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint, if it can do so consistent with this Order.

            IT IS FURTHER ORDERED that defendant's motion for an order requiring plaintiff to post a costs bond (Docket No. 14) be, and the same hereby is, DENIED.

Dated:  October 30, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8