Exhibit 109

ETHAN JACOBS (CSB No. 291838)
ETHAN JACOBS LAW CORPORATION
ethan@ejacobslaw.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:    415.275.0845

ERIC BALL (CSB NO. 241327)
eball@fenwick.com
JOAN LIU-KIM (CSB NO. 342130)
joanieliu-kim@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

Attorneys for
CLAIMABLE INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| CLAIMABLE LIMITED,<br><br>                    Plaintiff,<br><br>      v.<br><br>CLAIMABLE INC.,<br><br>                    Defendant. | Case No.: 2:25-cv-02048-WBS-SCR<br><br>**DEFENDANT CLAIMABLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES** |

**PROPOUNDING PARTY:**  PLAINTIFF CLAIMABLE LTD.

**RESPONDING PARTY:**    DEFENDANT CLAIMABLE INC.

**SET NUMBER:**              ONE (NOS. 1-16)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Claimable Inc. ("Defendant") hereby objects and responds to Plaintiff Claimable Ltd.'s ("Plaintiff") First Set of Interrogatories as follows.

### PRELIMINARY STATEMENT

Defendant's investigation in this action is ongoing, and Defendant reserves the right to rely on and introduce information in addition to any information provided in response to the Interrogatories at the trial of this matter or in related proceedings. These responses are a good faith effort to supply as much information as is presently known to Defendant. Defendant has not yet received the benefit of expert opinion and analysis, nor has it completed discovery from Plaintiff and other third parties. Defendant anticipates that information it discovers later in the litigation may be responsive to these Interrogatories, and thus Defendant hereby reserves the right to supplement its responses at appropriate points throughout this litigation without prejudice and/or to make available to Plaintiff such information. Defendant also reserves the right to change, modify, or enlarge the following objections and/or responses based on amendment to pleadings, additional information, further analysis, and/or based on other events in the litigation. Unless specifically stated otherwise in response to an Interrogatory, Defendant's statement on supplementation applies to all of them.

Any information that Defendant provides in response to these Interrogatories is subject to objections regarding competence, relevance, materiality, propriety, and admissibility. Defendant reserves the right to object, on any ground, to the use of any information provided in response to any Interrogatory for any purpose in whole or in part, in any subsequent proceeding in this action or in any other action, or to other discovery requests involving or relating to the subject matter of these Interrogatories. Pursuant to Federal Rule of Civil Procedure 26(e), Defendant reserves the right at any time to revise, correct, add to, or clarify any of the responses below.

Defendant makes no incidental or implied admissions by these responses. Plaintiff thus shall not construe any of Defendant's responses or objections to these Interrogatories as an admission of the existence of any fact set forth or assumed by these Interrogatories, or that such responses constitute admissible evidence. Nor shall the fact that Defendant has answered any

Interrogatories, or any portion thereof, be intended or construed to be a waiver of all or any part of any objection.

The specific responses set forth herein are based on Defendant's interpretation of the language used in the Interrogatories, and Defendant reserves its right to amend or supplement its responses in the event that Plaintiff asserts an interpretation that differs from Defendant's interpretation.

Defendant's response to a particular Interrogatory shall not be interpreted as acknowledgment that the Interrogatory is appropriate as part of discovery.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Defendant objects to the "Definitions" and "Instructions" set forth in the Interrogatories to the extent they purport to impose greater obligations than those contemplated or required by the Federal Rules of Civil Procedure, the Local Rules, or any applicable orders or stipulations governing this case.

2.      Defendant objects to the definition of the term "Identify" to the extent it purports to impose greater obligations than those contemplated or required by the Federal Rules of Civil Procedure, the Local Rules, or any applicable orders or stipulations governing this case.

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1:**

Set forth the date and circumstances when Defendant began using the CLAIMABLE trademark.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this Interrogatory as seeking information that is protected from discovery by the attorney-client privilege and/or attorney work product immunity. Defendant objects to this request to the extent it seeks documents or information protected from disclosure as being a trade secret or other confidential business or proprietary information, or documents or information that, if produced or disclosed, would result in the violation of any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to third parties. Subject to those objections and its general objections, Defendant responds as follows:

Beginning around August 2023, Defendant Claimable Inc., then using the name Claimshero Inc., began using "Claimshero" as the name of its business and as its trademark. And beginning around April 2025, Defendant operated a website at the domain getclaimable.com.

On January 11, 2024, Defendant filed an application to register the word mark CLAIMSHERO as its service mark.

On February 12, 2024, a different company doing business as Claimshero.io emailed Defendant. Before that contact, Defendant was unaware of the existence of Claimshero.io. Claimshero.io was a U.S.-based business that helps individuals identify class action lawsuits in which they may be class members and participate in recovery.

Defendant considered various alternative names and found the name "Claimable" appealing. In March 2024, Dr. Warris Bokhari, Defendant's Chief Executive Officer, searched the USPTO database for trademark registrations and applications for marks that included "Claimable." The only relevant result he found was a registration with the serial number 74461343 that belonged to Price Waterhouse LLP before it was abandoned in 1995.

Also in March 2024, Dr. Bokhari searched the Internet for other businesses using the name "Claimable." He identified that the domain claimable.com was being used by Plaintiff Claimable Ltd.

None of Dr. Bokhari, Ms. Graham, and Mr. Veigulis had any knowledge of Plaintiff or had ever heard of Plaintiff before Dr. Bokhari came across its website in March 2024.

According to the claimable.com website, Plaintiff operated in a completely different industry than Defendant—managing non-health insurance claims for businesses. And according to the website, Plaintiff operated only outside the United States, and apparently only in the United Kingdom, with default pricing in GBP (Great British Pounds, the currency of the United Kingdom). The claimable.com website was of low quality with stock photography and dated, generic, and sometimes out of date design elements, giving the impression of an inactive or abandoned business.

At approximately the same time, Ms. Graham explored social media sites, including LinkedIn and Instagram, to explore the availability of social media handles with the name

CLAIMABLE INC.'S RESPONSE TO
ROGS, SET ONE                                    4                    Case No.: 2:25-cv-02048-WBS-SCR

"Claimable." That investigation revealed that Plaintiff had minimal presence on social media and did not suggest any connections to the U.S. or any offerings that would be confusing or associated with Defendant.

The group also searched for information about Plaintiff using Google. The impression they received from reviewing the results of that search was that Plaintiff had little presence on the Internet, appeared to be largely inactive, and provided wholly different services from those offered by Defendant.

Defendant selected the domain getclaimable.com because it was a .com domain, a TLD (top-level domain) suffix that, unlike a non-TLD domain, is unlikely to become unavailable. Defendant believes that consumers generally consider websites at .com domains more trustworthy than those at less common domains. The domain also was attractive because it allowed Defendant to include the name of its business, Claimable, preceded by a short modifier ("get").

On or about March 4, 2024, Dr. Bokhari secured registration of the getclaimable.com domain through GoDaddy.

Defendant changed the name of its company from Claimshero Inc. to Claimable Inc. on about May 23, 2024. Defendant rebranded and launched its website at getclaimable.com—moving over from claimshero.ai—in May 2024. The commercial launch took place in early October 2024.

Defendant rebranded and launched its website at getclaimable.com—moving over from claimshero.ai—in early October 2024.

The personnel at Defendant involved in the selection of the new "Claimable" name were Dr. Bokhari; Alicia Graham, the company's Chief Operating Officer; and Zach Veigulis, the company's Chief AI Officer. No one else, other than outside counsel, was involved in the decision.

Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, Plaintiff has produced no documents. Accordingly, Defendant expressly reserves the right to supplement or amend this response.

**INTERROGATORY NO. 2:**

Identify in detail all reasons for Defendant's selection of the CLAIMABLE trademark for its goods and/or services, identify all other names considered and the process for deciding on the CLAIMABLE name.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to the interrogatory as overly broad, unduly burdensome, and as seeking information that is beyond the scope of, and irrelevant to, the issues presented in the case. "All" reasons Defendant selected CLAIMABLE as its trademark do not bear on any issue presented in the case, and the Interrogatory does not specify any kinds of reasons that do. Likewise, the names Defendant did not select as its trademark do not bear on any issue presented in the case. Defendant objects to this Interrogatory as cumulative and duplicative of Interrogatory No. 1. Defendant objects to this Interrogatory as seeking information that is protected from discovery by the attorney-client privilege and/or attorney work product immunity. Defendant objects to this request to the extent it seeks documents or information protected from disclosure as being a trade secret or other confidential business or proprietary information, or documents or information that, if produced or disclosed, would result in the violation of any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to third parties. Defendant directs Plaintiff to the response to Interrogatory No. 1.

Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, Plaintiff has produced no documents. Accordingly, Defendant expressly reserves the right to supplement or amend this response.

**INTERROGATORY NO. 3:**

Set forth all Your reasoning and considerations in switching from the name "ClaimsHero, Inc." to Claimable Inc.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to the interrogatory as overly broad, unduly burdensome, and as

seeking information that is beyond the scope of, and irrelevant to, the issues presented in the case. "All" of Defendant's reasoning and considerations in switching from the name "ClaimsHero, Inc." to Claimable Inc. do not bear on any issue presented in the case, and the Interrogatory does not specify any kinds of reasoning and considerations that do. Defendant objects to this Interrogatory as cumulative and duplicative of Interrogatory Nos. 1 and 2. Defendant objects to this Interrogatory as seeking information that is protected from discovery by the attorney-client privilege and/or attorney work product immunity. Defendant objects to this request to the extent it seeks documents or information protected from disclosure as being a trade secret or other confidential business or proprietary information, or documents or information that, if produced or disclosed, would result in the violation of any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to third parties. Defendant directs Plaintiff to the response to Interrogatory No. 1.

Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, Plaintiff has produced no documents. Accordingly, Defendant expressly reserves the right to supplement or amend this response.

**INTERROGATORY NO. 4:**

Identify in detail the types of customers, distributors, channels of trade and customer base for Defendant's products and services using the CLAIMABLE trademark.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects that the phrases "types of customers" and "customer bases" are vague, ambiguous, and undefined. Defendant objects to this request to the extent it seeks documents or information protected from disclosure as being a trade secret or other confidential business or proprietary information, or documents or information that, if produced or disclosed, would result in the violation of any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to third parties.

Subject to those objections and its general objections, Defendant responds that the end users for Defendant's products and services using the CLAIMABLE trademark are individual

patients seeking to challenge denials of health insurance claims in the United States. Defendant does not use distributors. Defendant's products and services using the CLAIMABLE trademark are available only directly through its website, so that is their only channel of trade.

Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, Plaintiff has produced no documents. Accordingly, Defendant expressly reserves the right to supplement or amend this response.

**INTERROGATORY NO. 5:**

Provide Your understanding as to why instances of actual confusion exist amongst consumers and/or why Plaintiff has received communications from consumers pertaining to Defendant's use of the CLAIMABLE mark.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant does not believe instances of actual confusion exist amongst consumers.

Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, Plaintiff has produced no documents. Accordingly, Defendant expressly reserves the right to supplement or amend this response.

**INTERROGATORY NO. 6:**

Identify any communications with customers or industry members concerning any complaints or criticisms of which Defendant is aware concerning either party's products or services.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to the interrogatory as overly broad, unduly burdensome, and as seeking information that is beyond the scope of, and irrelevant to, the issues presented in the case. Written communications directed to Defendant relating to criticisms of Defendant's products or services do not bear on any issue presented in the case. Defendant objects that the term "complaints or criticisms … concerning … products or services" is vague and ambiguous. The distinction between a communication regarding a product or service that seeks greater

attention and a "complaint[] or criticism[]" is so fluid that the Interrogatory could call for identification of nearly all communications with customers. Defendant objects to this request to the extent it seeks documents or information protected from disclosure as being a trade secret or other confidential business or proprietary information, or documents or information that, if produced or disclosed, would result in the violation of any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to third parties.

Subject to the foregoing specific and general objections, Defendant responds that it is not aware of any communications with customers or industry members concerning any complaints or criticisms concerning Plaintiff's products or services.

Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, Plaintiff has produced no documents. Accordingly, Defendant expressly reserves the right to supplement or amend this response.

**INTERROGATORY NO. 7:**

Explain in detail any industry investigation You, or anyone on Your behalf, conducted concerning the use of the CLAIMABLE trademark and the availability of the CLAIMABLE trademark.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects that the term "industry investigation" is vague, ambiguous, and undefined. Defendant objects to this Interrogatory as seeking information that is protected from discovery by the attorney-client privilege and/or attorney work product immunity. Defendant objects to this Interrogatory as cumulative and duplicative of Interrogatory Nos. 1, 2, and 3. Defendant objects to this request to the extent it seeks documents or information protected from disclosure as being a trade secret or other confidential business or proprietary information, or documents or information that, if produced or disclosed, would result in the violation of any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to third parties. Defendant directs Plaintiff to the response to Interrogatory No. 1. Defendant further responds that the United States Patent and Trademark Office twice conducted an

investigation for any confusingly similar trademarks and did not find that Plaintiff's alleged mark was confusingly similar with Defendant's trademark application.

Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, Plaintiff has produced no documents. Accordingly, Defendant expressly reserves the right to supplement or amend this response.

**INTERROGATORY NO. 8:**

Identify any trademark search conducted by You or on Your behalf, including identifying when it was completed, who was involved in its completion, why it was conducted, and/or whether any opinion of counsel was rendered.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to the definition of the term "Identify" to the extent it purports to impose greater obligations than those contemplated or required by the Federal Rules of Civil Procedure, the Local Rules, or any applicable orders or stipulations governing this case. Defendant objects to this Interrogatory as seeking information that is protected from discovery by the attorney-client privilege and/or attorney work product immunity. Defendant objects to this Interrogatory as cumulative and duplicative of Interrogatory Nos. 1, 2, 3, and 7. Defendant objects to this request to the extent it seeks documents or information protected from disclosure as being a trade secret or other confidential business or proprietary information, or documents or information that, if produced or disclosed, would result in the violation of any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to third parties. Defendant directs Plaintiff to the response to Interrogatory No. 1.

Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, Plaintiff has produced no documents. Accordingly, Defendant expressly reserves the right to supplement or amend this response.

**INTERROGATORY NO. 9:**

Explain in detail the process and reasoning, including any investigation You, or anyone

CLAIMABLE INC.'S RESPONSE TO
ROGS, SET ONE                                    10                    Case No.: 2:25-cv-02048-WBS-SCR

on Your behalf conducted, in connection with the selection of Your URL "getclaimable.com" including whether or not You considered using "Claimable.com."

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this Interrogatory as compound as it comprises discrete subparts resulting in multiple separate interrogatories. Defendant objects to this Interrogatory as seeking information that is protected from discovery by the attorney-client privilege and/or attorney work product immunity. The compound nature of this Interrogatory renders it vague, ambiguous, unduly broad, and burdensome, and imposes an inappropriate burden on Defendant to determine what question Plaintiff is asking. Defendant is willing to confer regarding these issues and provide a supplemental response. Defendant objects to the interrogatory as overly broad, unduly burdensome, and as seeking information that is beyond the scope of, and irrelevant to, the issues presented in the case. Defendant's selection of a domain name for its website does not bear on any issue presented in the case.

Defendant objects to this Interrogatory as seeking information that is protected from discovery by the attorney-client privilege and/or attorney work product immunity. Defendant objects to this request to the extent it seeks documents or information protected from disclosure as being a trade secret or other confidential business or proprietary information, or documents or information that, if produced or disclosed, would result in the violation of any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to third parties. Defendant objects to this Interrogatory as cumulative and duplicative of Interrogatory Nos. 1, 2, 3, 7, and 8. Defendant directs Plaintiff to the response to Interrogatory No. 1.

Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, Plaintiff has produced no documents. Accordingly, Defendant expressly reserves the right to supplement or amend this response.

**INTERROGATORY NO. 10:**

Identify any respects in which Defendant's use of the CLAIMABLE trademark differs from Plaintiff's.

CLAIMABLE INC.'S RESPONSE TO
ROGS, SET ONE                                           11                    Case No.: 2:25-cv-02048-WBS-SCR

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects that the request to identify "any respects" in which the parties' use of the CLAIMABLE trademark differs is vague, ambiguous, and undefined, and renders the Interrogatory overly broad, unduly burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant need only attempt to identify respects in which the parties' use of the CLAIMABLE trademark differ that are relevant to a claim of trademark infringement and not "any respects." Defendant objects to this request to the extent it calls for a legal conclusion.

Subject to and without waiver of the foregoing general and specific objections, Defendant responds as follows: Defendant's use of the CLAIMABLE trademark appears in connection with different services than those for which Plaintiff uses the trademark, in different geographic areas, and directed toward different potential customers. Defendant established common law rights through its use of the CLAIMABLE mark in commerce in the United States, and Plaintiff has not. Defendant applied for a U.S. trademark registration for the CLAIMABLE mark on April 24, 2024, almost a year before Plaintiff filed its U.S. trademark application for the CLAIMABLE mark.

Further, when used as a logo, in stylized text, or in the context of a website or advertisement, Defendant's use of the CLAIMABLE trademark appears different from Plaintiff's use. Defendant's counsel identified these reasons and more in its April 10, 2025 letter to Plaintiff's counsel. Defendant will supplement its response to this Interrogatory as appropriate under Fed. R. Civ. P. 26(e) to identify those differences in greater detail after it obtains discovery from Defendant of its own historical website contents and advertisements.

Defendant further responds that the United States Patent and Trademark Office twice conducted an investigation for any confusingly similar trademarks and did not find that Plaintiff's alleged mark was confusingly similar to Defendant's trademark application.

Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, Plaintiff has produced no documents. Accordingly, Defendant expressly reserves the right to supplement or amend this response.

**INTERROGATORY NO. 11:**

Identify and quantify Your sales, profits and revenue for the last five years on a monthly and yearly basis.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects that it cannot "identify" its sales and that "sales" and "revenues" appear to be the same thing. Defendant objects to this request to the extent it seeks documents or information protected from disclosure as being a trade secret or other confidential business or proprietary information, or documents or information that, if produced or disclosed, would result in the violation of any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to third parties.

Subject to and without waiver of the foregoing general and specific objections, Defendant responds as follows:

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

| Month | Revenues | Net Income |
|---|---|---|
| July 2023 | $0 | $ (3,650.40) |
| August 2023 | $0 | $ (8,366.85) |
| September 2023 | $0 | $ (8,416.17) |
| October 2023 | $0 | $ (3,554.58) |
| November 2023 | $0 | $ (18,146.01) |
| December 2023 | $0 | $ (41,359.35) |
| January 2024 | $0 | $ (43,218.52) |
| February 2024 | $0 | $ (47,502.25) |
| March 2024 | $0 | $ (97,777.32) |
| April 2024 | $0 | $ (132,978.17) |
| May 2024 | $0 | $ (158,809.57) |
| June 2024 | $0 | $ (191,885.31) |
| July 2024 | $0 | $ (224,177.44) |
| August 2024 | $0 | $ (181,240.22) |
| September 2024 | $0 | $ (186,626.59) |
| October 2024 | $202.55 | $ (202,991.35) |

| | | |
|---|---|---|
| November 2024 | $167.40 | $ (156,487.84) |
| December 2024 | $0 | $ (235,380.63) |
| January 2025 | $52.85 | $ (212,601.39) |
| February 2025 | $0 | $ (197,858.73) |
| March 2025 | $0 | $ (267,460.69) |
| April 2025 | $0 | $ (344,211.74) |
| May 2025 | $79.27 | $ (262,356.33) |
| June 2025 | $208.45 | $ (272,299.69) |
| July 2025 | $29,520.88 | $ (275,305.09) |
| August 2025 | $27,371.61 | $ (329,418.40) |
| September 2025 | $26,926.99 | $ (273,169.28) |
| October 2025 | $23,183.43 | $ (308,206.05) |
| November 2025 | $23,039.44 | $ (279,389.75) |
| December 2025 | $414,664.11 | $ (17,678.29) |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

| Year | Revenues | Net Income |
|---|---|---|
| 2023 | $0 | $ (166,986.72) |
| 2024 | $739.90 | $ (3,718,150.42) |
| 2025 | $1,090,293.66 | $ (6,079,910.86) |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, Plaintiff has produced no documents. Accordingly, Defendant expressly reserves the right to supplement or amend this response.

**INTERROGATORY NO. 12:**

Identify and explain Your corporate structure, including all officers and owners of the company, including those who are responsible or involved in the decision-making process surrounding Your selection and use of trademarks.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this Interrogatory as compound as it comprises discrete subparts resulting in multiple separate interrogatories. The compound nature of this Interrogatory renders it vague, ambiguous, unduly broad and burdensome, and imposes an inappropriate burden on Defendant to determine what question Plaintiff is asking. Defendant is willing to confer

regarding these issues and provide a supplemental response.

Defendant objects to the interrogatory as overly broad, unduly burdensome, and as seeking information that is beyond the scope of, and irrelevant to, the issues presented in the case. The identity of Defendant's owners does not bear on any issue presented in the case.

Defendant objects to this request to the extent it seeks documents or information protected from disclosure as being a trade secret or other confidential business or proprietary information, or documents or information that, if produced or disclosed, would result in the violation of any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to third parties. Subject to and without waiver of the foregoing general and specific objections, Defendant responds as follows:

None of Defendant's non-officer owners are responsible or involved in the decision-making process surrounding Defendant's selection and use of trademarks.

Defendant is a corporation organized under the laws of Delaware. It has no corporate parents, affiliates, or subsidiaries.

Defendant's officers are Warris Bokhari, Chief Executive Officer; Alicia Graham, Chief Operating Officer; Brandon Koehler, Chief Financial Officer; and Zack Veigulis, Chief AI Officer. Each of the foregoing officers can be contacted through Defendant's counsel.

Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, Plaintiff has produced no documents. Accordingly, Defendant expressly reserves the right to supplement or amend this response.

**INTERROGATORY NO. 13:**

Explain in detail when You first learned of Plaintiff, Plaintiff's trademark, and/or Plaintiff's website, including an explanation of the facts or circumstances leading to such knowledge.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this Interrogatory as compound as it comprises discrete subparts resulting in multiple separate interrogatories. The compound nature of this Interrogatory renders

it vague, ambiguous, unduly broad and burdensome, and imposes an inappropriate burden on Defendant to determine what question Plaintiff is asking. Defendant is willing to confer regarding these issues and provide a supplemental response. Defendant objects that the term "Plaintiff's trademark" is vague, ambiguous, and undefined. Defendant will respond by treating "Plaintiff's trademark" to mean CLAIMABLE. Defendant objects that the term "Plaintiff's website" is vague, ambiguous, and undefined. Defendant will respond by treating "Plaintiff's website" to mean the website claimable.com. Defendant objects to this Interrogatory as cumulative and duplicative of Interrogatory Nos. 1, 2, 3, 7, 8, and 9. Defendant objects to this request to the extent it seeks documents or information protected from disclosure as being a trade secret or other confidential business or proprietary information, or documents or information that, if produced or disclosed, would result in the violation of any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to third parties.

Defendant directs Plaintiff to the response to Interrogatory No. 1.

Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, Plaintiff has produced no documents. Accordingly, Defendant expressly reserves the right to supplement or amend this response.

**INTERROGATORY NO. 14:**

Identify all facts and evidence supporting Your assertion that Plaintiff does not have the requisite "market penetration" to bring its claim in the United States, including Your assertion as to the requisite market penetration necessary.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to the definition of the term "Identify" to the extent it purports to impose greater obligations than those contemplated or required by the Federal Rules of Civil Procedure, the Local Rules, or any applicable orders or stipulations governing this case.

Defendant objects to this Interrogatory to the extent its request to identify "all" facts and evidence seeks information that is protected from discovery by the attorney-client privilege and/or attorney work product immunity.

Defendant objects to this interrogatory to the extent it purports to require Defendant to provide a legal opinion regarding "the requisite market penetration necessary" to acquire common law trademark rights.

Defendant objects to this Interrogatory as premature to the extent it calls for expert testimony.

Further, while Defendant has explained the grounds for its assertion that Plaintiff does not have the requisite "market penetration" to bring its claim in the United States in its briefing—*see*, *e.g.*, Dkt. Nos. 14 & 19—the topic is the sole focus of Defendant's first tranche of discovery requests to Plaintiff. Thus, Defendant will supplement its response to this Interrogatory as appropriate under Fed. R. Civ. P. 26(e) to identify those differences after it obtains discovery from Defendant of its own historical website use and advertisements.

Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, Plaintiff has produced no documents. Accordingly, Defendant expressly reserves the right to supplement or amend this response.

**INTERROGATORY NO. 15:**

Identify all facts and evidence supporting Defendant's First Affirmative Defense that Plaintiff "does not own the claimed mark for the purposes asserted".

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to the definition of the term "Identify" to the extent it purports to impose greater obligations than those contemplated or required by the Federal Rules of Civil Procedure, the Local Rules, or any applicable orders or stipulations governing this case.

Defendant objects to this Interrogatory to the extent its request to identify "all" facts and evidence seeks information that is protected from discovery by the attorney-client privilege and/or attorney work product immunity.

Subject to and without waiver of the foregoing general and specific objections, Defendant responds as follows:

Plaintiff does not have any United States common law trademark rights because it lacks

CLAIMABLE INC.'S RESPONSE TO
ROGS, SET ONE                                    17                    Case No.: 2:25-cv-02048-WBS-SCR

sufficient market penetration. Defendant has explained the grounds for that assertion in its briefing. *See*, *e.g.*, Dkt. Nos. 14 & 19. And the topic is the sole focus of Defendant's first tranche of discovery requests to Plaintiff. Thus, Defendant will supplement its response to this Interrogatory as appropriate under Fed. R. Civ. P. 26(e) to identify those differences after it obtains discovery from Defendant of its own historical website use and advertisements.

Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, Plaintiff has produced no documents. Accordingly, Defendant expressly reserves the right to supplement or amend this response.

**INTERROGATORY NO. 16:**

Identify all facts and evidence supporting Defendant's Second Affirmative Defense that "at least one of [Plaintiff's] alleged trademarks is invalid on one or more grounds, including but not limited to those set forth in the Lanham Act."

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects to the definition of the term "Identify" to the extent it purports to impose greater obligations than those contemplated or required by the Federal Rules of Civil Procedure, the Local Rules, or any applicable orders or stipulations governing this case.

Defendant objects to this Interrogatory to the extent its request to identify "all" facts and evidence seeks information that is protected from discovery by the attorney-client privilege and/or attorney work product immunity.

Subject to and without waiver of the foregoing general and specific objections, Defendant responds as follows:

Plaintiff's alleged CLAIMABLE is invalid because Plaintiff lacks sufficient market penetration to have any common law trademark rights. Defendant has explained the grounds for that assertion in its briefing. *See*, *e.g.*, Dkt. Nos. 14 & 19. And the topic is the sole focus of Defendant's first tranche of discovery requests to Plaintiff. Thus, Defendant will supplement its response to this Interrogatory as appropriate under Fed. R. Civ. P. 26(e) to identify those differences after it obtains discovery from Defendant of its own historical website use and

advertisements.

Discovery has only recently commenced and is still ongoing, and as of the date of these Responses, Plaintiff has produced no documents. Accordingly, Defendant expressly reserves the right to supplement or amend this response.


Dated:    February 11, 2026                FENWICK & WEST LLP


                                           By: */s/ Eric Ball*
                                               Eric Ball

                                               Attorneys for Defendant
                                               CLAIMABLE INC.

Docusign Envelope ID: 4C4A8469-2246-4E76-A9D2-274319ED3DBF

## VERIFICATION

I, Dr. Warris Bokhari, verify that I have read the foregoing Defendant Claimable Inc.'s Objections and Responses to Plaintiff's Interrogatories and that its answers are true and correct to the best of my information, knowledge, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on 2/10/2026 _____

_____
Warris Bokhari, M.D.

CLAIMABLE INC.'S RESPONSE TO
ROGS, SET ONE

21

Case No.: 2:25-cv-02048-WBS-SCR

**PROOF OF SERVICE**

The undersigned declares as follows:

I am a citizen of the United States and employed in San Francisco County.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is Fenwick & West LLP, One Front Street, 33rd Floor California Street, San Francisco, CA  94111.  On the date set forth below, I served a copy of the following document, **Defendant Claimable Inc.'s Objections and Responses to Plaintiffs' Interrogatories (Nos. 1–16)** on the interested parties in the subject action by placing a true copy thereof as indicated below, addressed as follows:

| | |
|---|---|
| Dana J. Finberg<br>dfinberg@ohaganmeyer.com<br>Kristal Sinaj<br>ksinaj@ohaganmeyer.com<br>O'HAGAN MEYER One Embarcadero Center Suite 2100<br>San Francisco, CA 94111 | Charles J. Meyer<br>cjmeyer@uspatent.com<br>Chris Roberts<br>croberts@uspatent.com<br>WOODARD, EMHARDT, HENRY, REEVES & WAGNER, LLP<br>111 Monument Circle, Suite 3700<br>Indianapolis, Indiana 46204-5137 |

☒    **BY E-MAIL:**  by causing to be transmitted via e-mail the document(s) listed above to the addressee(s) at the e-mail address(es) listed above.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Date: February 11, 2026

*/s/ Michelle Hernandez*
Michelle Hernandez

CLAIMABLE INC.'S RESPONSE TO
ROGS, SET ONE                                           20                    Case No.: 2:25-cv-02048-WBS-SCR