Charles J. Meyer (pro hac vice)
Chris Roberts (pro hac vice)
cjmeyer@uspatent.com
croberts@uspatent.com
**WOODARD, EMHARDT, HENRY,
REEVES & WAGNER, LLP,**
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137
Telephone: (317) 634-3456


Dana J. Finberg (SB# 257459)
dfinberg@ohaganmeyer.com
**O'HAGAN MEYER**
One Embarcadero Center
Suite 2100
San Francisco, CA 94111
Telephone: (415) 578-6900


*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
(SACRAMENTO DIVISION)

| | |
|---|---|
| Claimable Limited<br><br>     Plaintiff,<br><br> vs.<br><br>Claimable Inc.<br><br>    Defendant. | Case No. 2:25-cv-02048-WBS-SCR<br><br>**PLAINTIFF CLAIMABLE LIMITED'S NOTICE OF REQUEST AND REQUEST TO SEAL DOCUMENTS AND NOTICE OF LODGING ON THE ISSUE OF TRADEMARK INFRINGEMENT**<br><br><br>Date August 31, 2026<br>Time: 1:30 pm<br>Dept. Courtroom 5, 14th Floor<br>Judge: Hon. William B. Shubb |

I.  **NOTICE OF REQUEST AND REQUEST TO SEAL DOCUMENTS**

   Pursuant to Civil Local Rule 141, Plaintiff Claimable Limited hereby requests to file under seal

the unredacted version of its Motion for Summary Judgment On The Issue Of Trademark Infringement

PLAINTIFF CLAIMABLE LIMITED'S NOTICE OF REQUEST AND REQUEST TO SEAL DOCUMENTS AND
NOTICE OF LODGING ON THE ISSUE OF TRADEMARK INFRINGEMENT

as to Counts I and III along with the supporting declarations of Miles Tinsley and Charles J. Meyer, Plaintiff's Statement of Undisputed Facts and exhibits thereto (together, the "Motion"). Defendant filed redacted public versions of the Motion. *See* Docket Nos. 39, 40, 41.

The information Plaintiff seeks to seal and redact here consists entirely of information Plaintiff or Defendant have designated as Confidential and/or Highly Confidential Attorney's Eye's Only pursuant to the protective order in this case. *See* Docket Nos. 27-1 & 28. This includes the identity of Plaintiff's customers in the United States, Plaintiff's pricing and revenue information, and information about Plaintiff's advertising spending as well as internal documents produced by Defendant. By designating the underlying documents Confidential and/or Highly Confidential – Attorney's Eyes Only, Plaintiff represents that Plaintiff's documents "qualify for protection under Federal Rule of Civil Procedure 26(c)" and that "disclosure ... to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive Means." Similarly, Defendant has represented that Defendant's documents "qualify for protection under Federal Rule of Civil Procedure 26(c)" and that "disclosure ... to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive Means." Docket No. 27-1, Sections 2.2 & 2.8. Plaintiff has submitted the redacted and unredacted versions of the Motion for the Court's review.

In accordance with the strong public policy favoring access to court records, "[a] party seeking to seal a judicial record ... bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179). Those reasons must "outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1178–79 (quoting *Hagestad v.*

PLAINTIFF CLAIMABLE LIMITED'S NOTICE OF REQUEST AND REQUEST TO SEAL DOCUMENTS AND NOTICE OF LODGING ON THE ISSUE OF TRADEMARK INFRINGEMENT

*Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep" the records secret. *Id.* at 1179.

Where, as here, "a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex. Rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

In line with these cases, Plaintiff's requests to seal those parts of the Motion that include information from documents Plaintiff and Defendant designated Confidential and/or Highly Confidential – Attorneys' Eyes Only and those documents included in the Motion as exhibits.

Given the compelling reasons for sealing this information, Defendant respectfully requests that the Court grant its request. In accordance with local rules, Defendant has served Plaintiff with this request electronically.

## II.   NOTICE OF LODGING OF DOCUMENTS

Consistent with Local Rule 133(j), Plaintiff is also lodging complete copies of the following documents:

- Plaintiff's Memorandum in Support of its Motion for Summary Judgment On Trademark Infringement as to Counts I and III.
- Declaration II of Miles Tinsley and accompanying Exhibits 101-105 and 107.
- Declaration II of Charles J. Meyer and accompanying Exhibit 109-115.

Additionally, the above-referenced Exhibit 107 is large and Plaintiff hereby requests the Court to send a BOX app link upload Exhibit 107.

Respectfully submitted,

Dated: June 22, 2026                    *s/_Charles J. Meyer_ _____*

Charles J. Meyer (pro hac vice)
Chris Roberts (pro hac vice)
WOODARD, EMHARDT, HENRY,

3

REEVES & WAGNER, LLP,
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137
Telephone: (317) 634-3456 –
cjmeyer@uspatent.com
croberts@uspatent.com

Dana J. Finberg (SB# 257459)
O'HAGAN MEYER
One Embarcadero Center
Suite 2100
San Francisco, CA 94111
Telephone: (415) 578-6900
dfinberg@ohaganmeyer.com

***Attorneys for Plaintiff, Claimable Limited***

PLAINTIFF CLAIMABLE LIMITED'S NOTICE OF REQUEST AND REQUEST TO SEAL DOCUMENTS AND
NOTICE OF LODGING ON THE ISSUE OF TRADEMARK INFRINGEMENT