UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLAIMABLE LIMITED,

        Plaintiff,

    v.

CLAIMABLE, INC.,

        Defendant.

No.  2:25-cv-02048-WBS-SCR

ORDER

      Plaintiff's motion for protective order (ECF No. 46) is referred to the undersigned pursuant to Local Rule 302(c)(1) and 28 U.S.C. § 636.  Plaintiff seeks to have the Rule 30(b)(6) deposition of its CEO occur remotely.  The Court DENIES the motion for protective order.

**I.     Background and Procedural History**

      Plaintiff filed this action on July 22, 2025, and asserts claims of trademark infringement and unfair competition.  ECF No. 1.  The operative pleadings is the first amended complaint (FAC).  ECF No. 22.  The deadline for the completion of discovery is September 25, 2026.  ECF No. 25 at 3.  On May 22, 2026, Defendant filed a motion for summary judgment covering all counts of Plaintiff's FAC.  ECF No. 30.  On June 22, 2026, Plaintiff filed a motion for summary judgment on the issue of trademark infringement.  ECF No. 39.  Those motions are set for hearing before Judge Shubb on September 28, 2026.  ECF No. 45.

      On July 8, 2026, Plaintiff filed the instant motion for protective order seeking an order

1

pursuant to Federal Rule of Civil Procedure 30(b)(4) that the deposition of Plaintiff's CEO, Miles Tinsley, occur by remote means.  The motion contains the joint statement of the parties on the issue.  ECF No. 46 at 4-12.  The Court heard the motion on August 6, 2026.

### II.    Legal Standards

Rule 30(b)(4) provides that a deposition may "be taken by telephone or other remote means" by stipulation of the parties or pursuant to a court order.  This rule "serves to allow parties to control costs."  *Kaseberg v. Conaco*, LLC, No. 15-cv-01637-JLS, 2016 WL 8729927, *5 (S.D. Cal. Aug. 19, 2016).  Courts generally do not require a showing of "extraordinary circumstances" prior to allowing a deposition to proceed by remote means, and leave to do so should be "liberally granted."  *Id.*  In evaluating a party's motion for remote deposition, courts often employ a two-part test: 1) the party requesting a remote deposition must first advance a legitimate reason; and 2) the opposing party must then make a "particularized showing" that conducting the deposition remotely would be prejudicial.  *Herrnandez v. Bobst Grp. N. Am., Inc.*, No. 19-cv-00882-SKO, 2020 WL 6063143, *2 (E.D. Cal. Oct. 14, 2020).  Generally, once a "legitimate reason" is provided, "the burden is on the party opposing the motion to show that it will suffer prejudice if the motion is granted."  *Kaseberg,* 2016 WL 8729927 at *5-6.  Courts have framed this second step in the analysis as requiring a "particularized showing" of prejudice.  *See JUUL Labs, Inc. v. Chou*, No. 2:21-cv-03056-DSF-PD, 2022 WL 2165411, *3 (C.D. Cal. Feb. 11, 2022).

However, this "legitimate reasons" standard is in some apparent tension with the "good cause" standard for a protective order under Rule 26(c).  *See Hernandez*, 2020 WL 6063143 at * 2.  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."  *Id*., citing *Phillips ex rel. Estates of Byrd v. General Motors Corp*., 307 F.3d 1206, 1210–11 (9th Cir. 2002).  "District courts possess wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection.  *Id.* (citation and quotation omitted).  Moreover, some legitimate reasons that would justify a remote deposition will also constitute good cause for the same.  *See Vargas v. Evergreen Pro. Recoveries, Inc*., No. 21-cv-00926-RSL-JRC, 2022 WL 856991, * 2 (W.D. Wash. March 23, 2022) (granting the motion for

2

remote deposition under Rule 30 and stating: "The Court grants this motion under Rule 30, so that it is unnecessary to address Rule 26. Even if the Court addressed the motion under Rule 26, the outcome would not differ.").

Courts often apply a variation of the good cause standard when—as here—the party seeking a remote deposition is the plaintiff. *See Sunsauce Foods Indus. Corp. v. Son Fish Sauce USA Corp.*, No. 22-cv-08973-PCP-SVK, 2024 WL 778395, *2 (N.D. Cal. Feb. 26, 2024) ("[A]s a general rule, a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought."). As *Sunsauce* notes, courts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought, as the plaintiff has selected that forum. *Id*. In order to override that presumption, "a plaintiff bears the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel." *Id*. (citation and quotation omitted). The Court finds that the weight of authority favors the application of this standard in the context of the instant dispute. *See Lopez v. Bell Bank*, No. CV-25-02808-PHX-SHD, 2026 WL 1965067, at *3 (D. Ariz. July 7, 2026) (noting that in contrast to the "legitimate reasons" standard, "the good cause standard is pulled directly from the text of Rule 26(c), and Plaintiffs' request—which seeks an order protecting them from the prejudicial effect of the regular course of discovery—falls squarely within the ambit of that Rule").

### III.    Analysis

Plaintiff wants its CEO, Tinsley, to be deposed remotely from his place of business in London, England, where he also resides. ECF No. 46 at 4. Defendant wants the deposition to proceed in California, and served a notice setting the deposition for July 30 and 31 in San Francisco. *Id*. Plaintiff contends that it is a small company with only Tinsley and one other employee, and that the cost of travel for the deposition would be significant and cause disruption to business operations. *Id*. at 5.

Defendant contends that the general rule is that a plaintiff should be expected to be made available for deposition in the forum where the suit was brought. ECF No. 46 at 9. Defendant argues that Plaintiff has the burden of proving that undue hardship or exceptional circumstances

3

justify his refusal to travel. *Id*. Defendant contends that the cost and inconvenience are not sufficient reasons to allow the remote deposition. *Id*. at 11.

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The Court possesses "wide discretion in determining the manner for taking depositions, including whether they should take place by remote means." *Swenson v. GEICO Cas. Co*., 336 F.R.D. 206, 209 (D. Nev. Aug. 19, 2020).

The Court finds that Plaintiff has not demonstrated good cause to take the deposition remotely. Tinsley's declaration notes Plaintiff's interest in avoiding travel costs and workplace disruption. Some courts have found such reasons sufficient: "A desire to save money constitutes good cause to depose out-of-state witnesses by telephone or remote means." *Kaseberg*, 2016 WL 8729927 at *5 (citation omitted); *see also Kamradt v. Esurance Ins. Co.,* No. 2:22-cv-01445-TL, 2023 WL 8355892 (W.D. Wash. Dec. 1, 2023) (allowing remote deposition of plaintiff to avoid unnecessary expense, even though plaintiff resided within the district).[1] Other courts have found that "issues of time and money present ordinary concerns attendant to travel." *Sunsauce*, 2024 WL 778395 at *2. In *Sunsauce*, the court found that a "substantial financial burden" and "lengthy flight duration from Thailand to California" were insufficient cause to allow plaintiff's deposition to occur remotely. *Id*.

The Court agrees with Defendant that the reasons advanced by Plaintiff—cost and inconvenience—are asserted only generally and are attendant to any travel. For example, Plaintiff does not explain exactly how its business operations would be disrupted by Tinsley's travel to the United States. "Good cause" requires a "particular and specific demonstration of fact." *Smartwings A.S. v. Boeing Company*, No. C21-918 RSM, 2023 WL 3075698, at *1 (W.D. Wash. April 25, 2023). "[S]tereotypical and conclusory statements" will not suffice. *Id*. Here, "[t]here is no evidence that [Tinsley] do[es] not have the ability and means to travel to the United States for [his] deposition[]." *Id*.; *see also Est. of Beitz v. Riverside Police Dep't*, 2025 WL

---

[1] Under the legitimate reasons standard, cost saving would certainly be sufficient to meet Plaintiff's initial burden. *See Abornes Int'l, Inc. v. All Americas Int'l, Inc.*, No. 3:24-cv-00100-ART, 2026 WL 194683, at *4 (D. Nev. Jan. 26, 2026) ("[M]any courts have concluded that extensive travel and associated costs is a legitimate reason to conduct a deposition remotely.").

4

3691880, at *2 (C.D. Cal. 2025) (declining to grant remote deposition where plaintiff did not provide any specific evidence of her conclusory statements that she could not afford to travel to the forum for her deposition); *Rohwer v. Warner Bros. Discovery, Inc*., NO. 25-cv-1284-RSL, 2026 WL 1481384, at *1 (W.D. Wash., May 27, 2026) (finding that for a "central witness in the case," "residence abroad, the expense and inconvenience of travel, and . . . preference for a remote deposition do not, without more, establish that an in-person deposition" in the United States "is oppressive or unduly burdensome").

The Court is not blind the practical issues that may be presented by Tinsley's need to travel from London for a deposition. Defendant claims to have an interest in ensuring that Tinsley is fresh for the deposition; it may end up with a jet-lagged witness as a result of noticing the deposition in-person. But as Defendant points out, it would otherwise have to take a remote deposition of Tinsley at odd hours on the West Coast. And Defendant otherwise offers legitimate reasons for its preference for an in-person deposition. Thus, these practical issues do not outweigh the issues identified in the analysis above. Plaintiff has not shown good cause to preclude an in-person deposition.

**IT IS HEREBY ORDERED** that:

Plaintiff's Motion for Protective Order (ECF No. 46) is DENIED.

SO ORDERED.

DATED: August 13, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE